Towkley, J.
(dissenting). The complaint alleges that plaintiff was employed by Federal Razor Blade Company as sales export manager, to receive a commission upon all export orders obtained by him, if and when said orders were accepted and shipped by the corporation; that defendant was vice-president and general manager of the corporation, in control of shipments against export orders; that plaintiff obtained export orders for twenty million blades and defendant approved said orders for shipment., but thereafter, maliciously designing to interfere with plaintiff’s contract with the corporation and to deprive plaintiff of the commissions which would become payable to him upon the shipment of said orders, wrongfully and stealthily removed from the warehouse of the corporation nineteen million blades which were held there for export, and converted the same to his own use and disposed of them without the knowledge or consent of the corporation and without accounting to the corporation, for the proceeds; that the inability of the corporation to make shipments on the orders obtained by plaintiff was due entirely to defendant’s conversion; that in converting said blades and' preventing their shipment on export orders obtained by plaintiff, defendant well knew that he was preventing plaintiff from earning and receiving commissions in the sum.of $22,325, for which amount plaintiff seeks judgment in this action.
While plaintiff labels his cause of action one for malicious interference with contract, it is obvious that he complains not of malice toward him but of defendant’s appropriation of corporate property for his own use rather than for a corporate use in connection with which plaintiff would have earned a commission. The question, therefore, is whether plaintiff can take advantage of defendant’s wrong to the corporation and turn it into a-, canse of action in his favor.
On the allegations of the complaint, that defendant converted the corporation’s property, it could not be said that he was acting for the corporation, and defendant is thus deprived on a motion to dismiss the complaint for insufficiency of the immunity he might otherwise-have for acting in a corporate capacity. His *68 liability for the alleged conversion, however, is to the corporation alone. Plaintiff concedes that much and does not contend that he can sue merely because of the consequence of the conversion to him. He recognizes that he must show an independent tort committed against him and seeks to turn the consequences of the conversion to him into a cause of action in his favor by characterizing it as “ maliciously” designed by the defendant.
A single act may give rise to different causes of action in different persons, and a complaint would be sufficient that made a factual showing of malicious interference with contract rights, i.e., action directed against the plaintiff with the ulterior purpose of injuring him. (Remy Beverages, Inc., v. Myer, 269 App. Div. 1013, supra.) Apart from such a showing, however, plaintiff could not take advantage of a wrong to another because of the incidental consequence to him.
A complaint must be read with every intendment and fair inference to the pleading, but it must also be read with realism. This complaint cannot fairly and with reality be read as charging defendant with a malicious or ulterior purpose toward plaintiff in converting corporate property or that the conversion was aimed or directed at plaintiff in any way. A conclusory allegation of malice without factual support will not alter the facts or enlarge their legal consequence. All this • complaint alleges factually is that defendant converted corporate property, knowing that the incidence to plaintiff would be a loss of commissions. That the complaint really alleges nothing more than that is revealed by plaintiff’s own explanation of his cause of action in his brief — “ The plaintiff is merely seeking to collect the commissions which he would have earned had the orders procured by him for the converted blades been filled — as they could and would have been but for the defendant’s wrongful conversion and consequent malicious interference with plaintiff’s contract.” Interference with plaintiff’s contract may well be a consequence but malice is not a consequence. Malice is the moving spirit with which an act is done and malice, affirmatively and purposely directed against plaintiff, would necessarily be the gist of any cause of action in his favor. Otherwise his complaint is only of the incidental effect on him of defendant’s wrong to the corporation, and that could not be a cause of action in plaintiff’s favor. (Greyhound Corp. v. Commercial Casualty Ins. Co., 259 App. Div. 317, supra.)
The fatal defect in the complaint is that, giving it the benefit of every fair inference, it does not allege in fact .any malice or *69 ulterior act of defendant against plaintiff. ' It alleges "only an incidental effect, on plaintiff of defendant’s wrong to the corporation, and that is not a cause of action in plaintiff’s favor or made so by the characterization “ malicious ” applied to it.
The order appealed from should be reversed and the motion to dismiss the complaint granted.
Cohn and Peck, JJ., concur with Dore, J.; Townley, J., dissents in opinion in which Martin, P. J., concurs.
Order affirmed, with $20 costs and disbursements, with leave to the defendant to answer within ten days after service of order with notice of entry, on payment of said costs. [See 270 App. Div. 1015.]